JULIAN E. BAILES, Judge Pro Tem.
Dr. Morton Brown, defendant-appellant, owner of a 29-unit apartment house named Mayfair, located at 1783 Coliseum Street in the City of New Orleans, undertook renovations on his own account. In furtherance of this work he placed an order with plaintiff-appellee for a variety of electrical appliances amounting to the sum of $10,253.25. The appliances were delivered to appellant at the apartment site, duly receipted for by an authorized representative and stored in the premises. Subsequently, the appliances were stolen. Dr. Brown refused to pay. This suit followed in which plaintiff sought recognition of its privilege resulting for its previously filed materialman’s lien and for a personal judgment against Dr. Morton Brown under the provisions of La. R.S. 9:4812.
Defendant answered denying the indebtedness, the right of plaintiff to file the materialman’s lien, and reconvened for: “... the wrongful and improper filing of said affidavit and creation of alleged lien, defendants have been disturbed in their chain of title; each has suffered a taint on his credit rating; and each has suffered great mental pain and anguish, humiliation, and embarrassment.”
*256 The court a quo granted judgment in favor of plaintiff in the amount of $10,-278.25, together with legal interest from date of judicial demand until paid and for all court costs. All other demands were dismissed. Only defendant Dr. Morton Brown has appealed. We affirm.
Clearly, under the provisions of La. R.S. 9:4812, the plain tiff-materialman, General Electric Company, had a statutory right to file the materialman’s lien. The defendant, who undertook for his own account to make certain renovations to his property, had ordered from, receipted for delivery of the materials to the site of the work and had failed to pay. Plaintiff had a statutory right to a lien for at least a portion of the building materials delivered. The alleged theft of the materials might have defeated the privilege rights; however, we do not reach the question of privilege rights nor the effects of the alleged theft of the building materials thereon for the reason the trial court did not grant plaintiff recognition of a privilege. On the cont ’ary, only a money judgment was granted. Plaintiff has not appealed.
The record clearly supports the award of the money judgment against defendant-appellant.
For these reasons the judgment appealed is affirmed at appellant’s cost.
AFFIRMED.
REDMANN, J., concurs.